[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de POSTJUDGMENT APPLICATION TO MODIFY JUDGMENT (#133)
The The parties' was dissolved by judgment in this court rendered October 29, 1997. The current application was filed with this court on August 13, 1998 seeking to modify the judgment in three respects. It seeks a change in the custody and support order for the minor child. There is an active support enforcement file pending. The issue of change of custody was not pursued at the July 14, 1999 hearing on this motion.
The issue of modification of alimony was contested at the hearing on two bases. The defendant alleges that the plaintiffs income and/or income potential has increased substantially since the entry of judgment. He also alleges the plaintiff is cohabitating with another person under circumstances set forth in C.G.S. § 46b-86(b).
At the time of trial, the plaintiffs affidavit listed monthly income from employment of $936.25 net of taxes. Her current affidavit lists a monthly salary of $2,916.68 and a net after taxes of $2,227.18 which the court finds is a substantial change in circumstances. In addition, the marital home was sold July 13, 1998 from which the plaintiff received 60% of the proceeds or $617,331.61, (Defendant's Exhibit A) thereby enabling the plaintiff to purchase a home in the Rowayton part of Norwalk for $387,500.00, (Defendant's Exhibit B). The plaintiff does not list any income from the certificate of deposit. She was able to refurbish the new home which was acquired without a mortgage.
The judgment ordered that the defendant pay the plaintiff $300.00 weekly for 36 months and $200.00 weekly thereafter. The other elements of the statute have been considered by the court but the record focused on the plaintiffs earning capacity. The court finds that as a result of the plaintiff finding recent full-time employment, the periodic alimony order should be and it is hereby ordered modified to $100.00 per week and the judgment's conditions under which it should be paid remain in effect.
The defendant introduced considerable evidence, and the plaintiff acknowledged, that she has been keeping exclusive CT Page 9673 company with another man who stays overnight at her home on a regular basis. The man also stays part-time at his brother's beach house and at his mother's home, both located in Fairfield. Many of his activities with the plaintiff are ambiguous as they relate to "living together" the words used in the statute. The recent case of DeMaria v. DeMaria, 247 Conn. 715. discussed the statute at some length. Based on the record in this case, the court does not find that the defendant has proven that the plaintiff is living with another person or cohabitating. No attorney's fees are awarded to either party.
This order is effective as of July 30, 1999. So ordered.
HARRIGAN, J. CT Page 9674
[EDITORS' NOTE: The case contained on this page is now located on Pages 9671 — 9673] CT Page 9675